UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

JOHN PAPPAS, RANDY BRENNER,
CHRISTOPHER TABING, MARC RICHARDSON,
KRISTOPHER JEZSEK, CARMEN MATEO,
BRENDA GRAHAM and LISA VELEZ,

                         Plaintiffs,

        *- against -*

THE CITY OF NEW YORK,

                        Defendant.

-------------------------------------------------------

**COMPLAINT**

Docket No:

Plaintiffs Lieutenant John Pappas ("Lieutenant Pappas"), Sergeant Randy Brenner ("Sergeant Brenner"), Sergeant Christopher Tabing ("Sergeant Tabing"), Sergeant Marc Richardson ("Sergeant Richardson"), Sergeant Kristopher Jezsek ("Sergeant Jezsek"), Sergeant Carmen Mateo ("Sergeant Mateo"), Sergeant Brenda Graham ("Sergeant Graham"), Sergeant Lisa Velez ("Sergeant Velez") (collectively "Plaintiffs" or "Handlers") complaining of The City of New York ("Defendant"), as and for their complaint against Defendant, alleges as follows:

**NATURE OF THE ACTION**

1.     Plaintiffs are either a Lieutenants or Sergeants who have worked or are currently employed by Defendant and are assigned a police dog that is owned by Defendant. Plaintiffs are considered dog handlers ("Handlers") by Defendant.

2.     This is a civil action brought by Plaintiffs who worked or work for Defendant to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3.      Plaintiffs also bring this action under NYLL § 663 for failure to pay wages.   As set forth below, the decision by Defendant not to pay Plaintiffs their earned wages is willful and not based on any good faith belief of compliance of NYLL § 663.

4.      The FLSA defines the term "employ" to mean "suffer or permit to work." Employees must be paid for all time spent in "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer or his business." *Tennessee Coal, Iron & Railroad CO. v. Miscoda Local No. 123*, 321 U.S. 590 (1944), 29 CFR 785.7.

5.      The training and "care" of a police dog at home by a Handler is considered a part of the Handler's principal activities and not preliminary or postliminary activities within the meaning of § 4 of the Portal-to-Portal Act of 1947, 29 U.S.C. 251 et seq. (*See Truslow v. Spotsylvania County Sheriff*, 783 F. Supp.274 (E.D. Va 1992); *Nichols v. City of Chicago*, 789 F. Supp. 1438 (N.D. Ill. 1992).

6.      The term "care" means bathing, brushing, exercising, feeding, grooming, related cleaning of the dog's kennel or transport vehicle, and similar activities performed by the Handlers at home on workdays as well as on days off or during vacation periods. (Opinion Letter Fair Labor Standards Act ("FLSA"), 1993 WL 901171 (the "Letter").)

7.      Such work is compensable under the FLSA and the NYLL. "Care" also includes time spent in administering drugs or medicine for illness and/or transporting the dogs to and from an animal hospital or veterinarian.  Id.  Likewise, time spent training the dog at home is compensable as well as feeding and exercising the dog. *See Scott v. City of New York*, 629 F. Supp.2d 266, 271 (S.D.N.Y. 2009).

8.      The activities described in the previous paragraphs are illustrative but not all inclusive.

9.      The Letter does not distinguish between the Handler-Employees, nor state that only certain ranks or classes of police officers are required to receive this additional pay (i.e., supervisor, lieutenant, sergeant, detective, etc.).  All Handlers, regardless of title, are required to receive this additional pay.

10.      Consistent with the Letter, virtually other departments within NYC and in New York State provides Handlers with additional pay regardless of title.

11.      On information and belief, NYC Corrections and NYC DEP police, which are NYC entitles, provide handler pay regardless of the canine handler's civil service title.  In addition, on information and belief, the MTA Police, Nassau County, Suffolk County, Orange County Westchester County and Rockland County pay Handlers the additional pay regardless of civil service title.

12.      On information and belief, NYC previously provided a retired police lieutenant with handler compensation prior to his retirement.

13.      Plaintiffs also bring this action under The Wage Theft Prevention Act ("WTPA") for Defendant's failure to provide Notice and Acknowledgement of Pay Rate and Payday under Section 195(1) of the NYLL as well as accurate Wage Statements as required under Section 195(3) of the WTPA.

14.      The willful failure of Defendant to lawfully compensate the Handlers for the care of their dogs is compounded by the fact that these "lost hours" impact upon overtime pay and pension benefits.

15.     Plaintiffs seek injunctive and declaratory relief for Defendant's unlawful actions, compensation for their failure to pay earned wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest and attorneys' fees and costs, pursuant to the FLSA and the NYLL.

## Notice of Claims

16.     Plaintiffs all timely provided Defendant with a notice of claim setting forth the time, date, place and manner in which the claim arose.

17.     All Plaintiffs appeared for a GML § 50H examination.

18.     More than 30 days have elapsed from the presentation of the claim against Defendant, and the claims remain unsettled and or otherwise unadjusted.

## Jurisdiction and Venue

19.     This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

20.     This Court has supplemental jurisdiction over the New York State law claims under principles of pendent and ancillary jurisdiction.

21.     Venue is proper in this district under 28 U.S.C. § 1391 (b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

22.     From June 16, 2017 to the present, Lieutenant Pappas has been employed by Defendant as a Handler.

23.     From November 26, 2014 through August 11, 2022 Sergeant Brenner was employed Defendant as a Handler.

24.     From March 18, 2021 to the present, Sergeant Christopher Tabing has been employed by Defendant as a Handler.

25.     From April 11, 2018 to the present Sergeant Richardson has been employed by Defendant as a Handler.

26.     From April 11, 2018 to the present Sergeant Kristopher Jezek has been employed by Defendant as a Handler.

27.     From April 18, 2022 to the present Sergeant Carmen Mateo has been employed by Defendant as a Handler.

28.     From July 2, 2018 though April 30, 2022 Sergeant Brenda Graham was employed by Defendant as a Handler.

29.     From January 23, 2013 through May 28, 2020 Sergeant Lisa Velez was employed by Defendant a Handler.

### Defendant

30.     The City of New York was, and still is, at all times relevant herein, a municipal corporation duly incorporated and existing under and by virtue of the laws of the State of New York.

31.     Defendant The City of New York, was, and still is, at all times relevant herein, a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant The City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

### FACTS

### Activities of Handlers

32.     At all relevant times, Defendant required Plaintiffs to train and care for police dogs.

33.     Under the FLSA, Plaintiffs are entitled to work overtime compensation for work exceeding 171 hours in a 28-day work period.

34.     To properly train and care for Defendant's police dogs, the police dogs live in each respective Handler's home.

35.     Defendant requires the Handlers, as a matter of policy and required procedure, to train, exercise and feed their assigned canines in this manner, seven days a week, 365 days a year.

36.     Handlers' job duties at their residences with their respective police dog include, but are not limited to, the following:  teaching the dogs basic commands, obedience, walking, feeding, scent work training and exercising.

37.     Police dogs perform between 30 and 40 hours of searching work each week, so it is imperative that the Handlers' police dogs are in optimal health.

38.     Handlers will also take their assigned police dogs for veterinary care as necessary. When there is an emergency, Handlers are not compensated for emergency vet visits that occur during non-official work hours.

## Unpaid Work

39.     For the work described above, for days they are at work, Handlers perform approximately at least one hour of unpaid overtime with respect to their assigned police dog.

40.     For the work described above, for the days that Handlers are not at work, Handlers perform approximately at least one and a half hours of unpaid overtime with respective to their assigned police dog.

41.     Defendant, though, requires Plaintiffs to provide this uncompensated work in contrast to well settled New York and federal law as well as the Letter. *Scott v. City of New York*, 605 F. Supp. 2d 602.

42.     Defendant is required to pay Plaintiffs for the time they spent feeding, grooming, exercising, caring for and training Defendant's police dog that Defendant assigned to Handlers.

**New York Wage Theft Prevention Act**

43.     The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

44.     By failing to provide Plaintiffs with a written notice of wages upon hiring, Defendant prevented Plaintiff from realizing that their wage rate unlawfully did not include compensation for overtime and overall work performed with respect to their assigned police dog.

45.     Further, when Plaintiffs were paid by Defendant, Defendant did not provide Plaintiff with a correct notation or any other documentation of their hours worked during that pay period or their rate of pay.

46.     By failing to provide Plaintiffs with accurate written wage statements accompanying each paycheck, Defendant prevented Plaintiffs from realizing that Defendant was unlawfully depriving them of regular wages and, in addition, overtime wages. Specifically, if Plaintiffs had been provided an accurate accounting of their hours worked alongside their weekly wage, Plaintiffs would have been put on notice that (i) they were not being paid for all work with respect to their assigned police dog; and (ii) they were not receiving time and a half their regularly hourly rate of pay for hours worked after 171 hours in a 28-day work period.

47.     Thus, Defendant's failure to provide Plaintiffs with an accurate wage notice or accurate wage statements harmed Plaintiffs as it prevented them from taking appropriate action to obtain the wages lawfully owed to them.

48.     During Plaintiffs' employment, Defendant failed to maintain accurate and sufficient time and pay records.

49.     Throughout the relevant time period, Defendant paid Plaintiffs without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

50.     Plaintiffs were never given a proper notice, in English and their native language, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### UNPAID OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

51.     Plaintiffs repeat, re-allege and incorporate by reference all allegations in all preceding paragraphs.

52.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs.

53.     Defendant willfully failed to pay Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

54.     Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant is aware or should have been aware that the practices described in this

Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

55.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

56.    As a result of Defendant's willful violations of the FLSA, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of New York Labor Law**

50.    Plaintiffs repeat, re-allege and incorporate by reference all allegations in all preceding paragraphs.

51.    At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

52.    Defendant failed to pay Plaintiffs the overtime premium of one and one-half times the regular hourly rate of pay for all hours worked in excess of 40 hours per week, in violation of the NYLL.

53.    Through their knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per work week, Defendant has willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

54.    Due to Defendant's willful violations of the NYLL, Plaintiffs are entitled to recover from Defendant's unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### Failure to Provide Wage Notices in Violation of New York Labor Law

55.     Plaintiffs repeat, re-allege and incorporates by reference all allegations in all preceding paragraphs.

56.     Defendant has willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

57.     Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

58.     Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
## Failure to Provide Wage Statements in Violation of New York Labor Law

59.     Plaintiffs repeat, re-allege and incorporate by reference all allegations in all preceding

        paragraphs.

60.     Defendant has willfully failed to supply Plaintiffs with accurate statements of wages as

        required by NYLL, Article 6, § 195(3), containing the dates of work covered by that

        payment of wages; name of employee; name of employer; address and phone number of

        employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

        salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime

        rate or rates of pay if applicable; the number of hours worked, including overtime hours

        worked if applicable; deductions; and net wages.

61.     Through their knowing or intentional failure to provide Plaintiffs with the wage statements

        required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*,

        and the supporting New York State Department of Labor Regulations.

62.     Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled

        to statutory penalties of two hundred and fifty dollars for each workday that Defendant has

        failed to provide Plaintiffs with accurate wage statements, or a total of five thousand

        dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided

        for by NYLL, Article 6, § 198(1-d).

## FIFTH CAUSE OF ACTION
## (Failure to Pay Earned Wages in Violation of New York Labor Law)

63. Plaintiffs repeat, reallege and incorporate by reference the foregoing allegations as if set

    forth fully and again herein.

64. At all relevant times, Plaintiffs were "employees" within the meaning of the New York Labor Law.  Similarly, at all relevant times, Defendant was an "employer" within the meaning of the New York Labor Law.

65. Defendant failed to pay Plaintiffs their earned wages for the periods of time and in the manner as set forth above.

66. Defendant's failure to pay Plaintiffs their earned wages was willful and not based on any good faith belief of compliance with New York Labor Law § 663, et seq.

67. As a result of the foregoing, Plaintiffs have been denied wages required under New York Labor Law §663 et seq. and are entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the entry of an order and judgment against Defendant the City of New York, as follows:

(a)     Damages for the unpaid overtime wages due to Plaintiffs, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(b)     Damages for the unpaid overtime wages due to Plaintiffs, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

(c)     Damages for failure to pay wages, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

(d)      Issuance of a declaratory judgment that the practices complained of in this

Complaint are unlawful under the NYLL, Article 6, §§ 198;

(e)      Statutory penalties of fifty dollars for each workday that Defendant failed to

provide Plaintiffs with a wage notice, or a total of five thousand dollars, as provided

for by NYLL, Article 6 § 198;

(f)      Statutory penalties of two hundred and fifty dollars for each workday that

Defendant failed to provide Plaintiffs with accurate wage statements, or a total of

five thousand dollars, as provided for by NYLL, Article 6 § 198;

(g)      For prejudgment and post judgment interest on the foregoing amounts;

(h)      For the costs and disbursements of the action, including attorney's fees; and,

(i)      For such other further and different relief as the Court deems just and proper.


Dated: July 13, 2023
     New York, New York


                                                    **THE LAW OFFICES OF JACOB ARONAUER**

                                                    By:      */s/ Jacob Aronauer*
                                                             Jacob Aronauer, Esq.
                                                             225 Broadway, 3rd Floor
                                                             New York, NY 10007


                                                    **THE LAW OFFICES OF DAVID I. ABOULAFIA**

                                                    By:      */s David Aboulafia*
                                                             David Aboulafia
                                                             1482 Indiana Avenue
                                                             Yorktown Heights, NY 10598

                                                             *Attorneys for Plaintiffs*