```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
JOHN PAPPAS et al.,                                                :
                                                                   :
                              Plaintiffs,                          :
                                                                   :           23-cv-6010 (LJL)
                -v-                                                :
                                                                   :        MEMORANDUM AND
CITY OF NEW YORK,                                                  :              ORDER
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/2024

LEWIS J. LIMAN, United States District Judge:

Defendant, the City of New York, moves the Court for an order staying discovery pending resolution of its motion to dismiss. Dkt. No. 51. Plaintiffs move, pursuant to Federal Rule of Civil Procedure 37(a), to compel discovery. Dkt. No. 55. Defendant's motion to stay discovery was made on January 11, 2024. Dkt. No. 51. The Court indicated it would take it under advisement. Dkt. No. 52. By order of January 22, 2024, the Court directed Plaintiffs to respond to the motion by January 25, 2024. Dkt. No. 57. Plaintiffs did not file any response. The motion to stay discovery pending a decision on the motion to dismiss is GRANTED. The motion to compel discovery is DENIED WITHOUT PREJUDICE.

Upon a showing of "good cause," a court may grant a motion to stay discovery pending decision on a motion to dismiss. See Fed. R. Civ. P. 16(b)(4) (providing that discovery schedule "may be modified only for good cause and with the judge's consent"). "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. May 22, 2013) (alteration in original) (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)); *see also Cambridge Capital LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021).

Defendant has shown good cause for a stay of discovery here. On December 15, 2023, Defendant filed a motion to dismiss the third amended complaint for lack of jurisdiction based on the existence of collective bargaining agreements that would seem to require the parties to arbitrate. Dkt. Nos. 44-46. On Plaintiffs' request, Plaintiffs' time to respond to that motion has been extended to February 1, 2024. Dkt. No. 49. If granted, the motion to dismiss would entirely resolve the case in this Court. In asking the Court to stay discovery, Defendant has demonstrated that the scope and burden of discovery would be substantial based on the amount of personnel and timekeeping records associated with 11 different sergeants and lieutenants of the New York Police Department over several years. Dkt. No. 56 at 3. Moreover, Plaintiffs, who have not responded to Defendant's motion to stay discovery, make no showing of prejudice.

The case, which was filed in July 2023, Dkt. No. 1, is not old and Plaintiffs do not identify any harm they would suffer is discovery is deferred for the brief period of time for the Court to resolve the motion.  On the other hand, Defendant would suffer prejudice if, as it turns out, the dispute is appropriately resolved in an arbitral forum using arbitral rules rather than in this Court under the Federal Rules of Civil Procedure.  *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023) (noting that "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost" if the court determined "that the case actually had belonged in arbitration all along").

The parties are ORDERED to write to the Court requesting a status conference and submitting a revised case management plan within fourteen days of any decision on the motion to dismiss that would permit the case to go forward in this Court.

SO ORDERED.

Dated: January 26, 2024
New York, New York

LEWIS J. LIMAN
United States District Judge