```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
JOHN PAPPAS, et al.,                                               :
                                                                   :
                              Plaintiffs,                          :
                                                                   :         23-cv-6010 (LJL)
              -v-                                                  :
                                                                   :         MEMORANDUM AND
CITY OF NEW YORK,                                                  :              ORDER
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendant the City of New York ("Defendant" or the "City") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Fourth Amended Complaint ("FAC") for failure to state a claim for relief. Dkt. No. 84. For the following reasons, the motion is granted, without prejudice to amendment by Plaintiffs within ten days of the date of this Memorandum and Order.

Plaintiffs are sergeants and lieutenants with the New York Police Department ("NYPD"), who are assigned police dogs owned by Defendant and are considered dog handlers. Dkt. No. 79 ¶ 3. They initiated this case by complaint filed on July 13, 2023, alleging that Defendant failed to pay them overtime wages for work conducted in the care of the canines assigned to them in excess of 171 hours for a twenty-eight-day period in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.* Dkt. No. 1 ¶¶ 1–54.[1] Plaintiffs filed a First Amended Complaint on August 21, 2023, Dkt. No. 9, and, with the consent of Defendant and upon order of the Court, Dkt. Nos. 23, 25, filed a Second Amended Complaint on November 16, 2023, adding two Plaintiffs,

---

[1] Plaintiffs also alleged that Defendant violated the NYLL by failing to provide them with accurate wage notices and wage statements and failing to pay them earned wages. *Id.* ¶¶ 55–67.

seeking to bring the actions as a FLSA collective, and eliminating all claims under the NYLL, Dkt. No. 27.

On December 1, 2023, with the consent of Defendant and upon order of the Court, Dkt. Nos. 31–32, Plaintiffs filed a Third Amended Complaint ("TAC"), Dkt. No. 33, seeking a Court-supervised notice of the opportunity for "other similarly situated persons" to join the lawsuit. *Id.* ¶ 32. On May 9, 2024, on motion of Defendant, the Court denied Defendant's motion to compel arbitration and granted Defendant's motion to dismiss for failure to state a claim without prejudice to renewal. Dkt. No. 77. The Court unambiguously stated that "to plead a FLSA overtime compensation claim, a law enforcement employee must plead facts, and not just conclusions, that he worked more than 171 hours in a twenty eight day work period without being paid at an overtime rate for the hours in excess of 171." *Id.* at 30. The Court found it telling that, while Plaintiffs alleged that they were working uncompensated hours at home, "none of the Plaintiffs allege the hours that they were on tour and not at home handling the police dogs." *Id.* at 31.

On June 5, 2024, Plaintiffs filed the FAC, which alleges one cause of action: the failure to pay overtime wages in violation of the FLSA. Dkt. No. 79 ¶¶ 169–174. The FAC fails to cure all of the defects identified by the Court in the TAC. Although it eliminates the "information and belief" allegations that the Court found troubling, Dkt. No. 77 at 30–31, the facts which it identified make it only "theoretically" possible that Plaintiffs were not paid overtime for hours they worked in excess of 171 in a twenty-eight-day period. *See Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013). Plaintiffs alleged, for example, that Sergeant Jezsek was assigned to work 171 hours (unless directed to work overtime) throughout his employment, Dkt. No. 79 ¶ 103, that "[t]he 171 hours did not include work Sergeant Jezsek

2

performed with respect to his assigned dog, 'Stan,'" *id.* at 106, and that Sergeant Jezsek worked with Stan at least 2 hours on non-work days with Stan and 1.5 hours on work days, *id.* ¶ 108–09. But the FAC also states that "[i]f Sergeant Jerzsek was officially assigned to work more than 171 hours in a twenty eight day cycle, [he] was paid overtime and a half." *Id.* ¶ 105.  Thus, while the FAC identifies a twenty-eight-day cycle during which Sergeant Jezsek worked in excess of 171 hours (including assigned overtime), *id.* ¶ 111, the conclusion that the Plaintiffs would have the Court draw from that allegation that he worked hours of overtime with Stan for which he was not compensated does not follow from the facts alleged.  Plaintiff does not allege that the hours worked with Stan during work and non-work days were uncompensated overtime.

      Plaintiffs' proposed Fifth Amended Complaint is addressed to that deficiency.  The Fifth Amended Complaint alleges, with respect to Sergeant Jezsek, that the 2 hours the sergeant spent with Stan on the sergeant's non-work day and the 1.5 hours spent with the dog on official work days refers to hours spent with the dog at the sergeant's residence and that those hours were not part of the sergeant's regularly scheduled 171 hours.  Dkt. No. ¶¶ 123–24.  It also alleges that the overtime hours for which he was paid time and one-half were those he was "officially assigned." *Id.* ¶ 119.  It further alleges that some of Sergeant Jezsek's duties with respect to his assigned canine were uncompensated, including "feeding the dog, walking the dog, cleaning up after the dog, conducting basic exercising or training with the dog, taking the dog to the vet, grooming the dog and washing the dog." *Id.* ¶ 121.  Combining those allegations with the allegation that there was a twenty eight day cycle in which the sergeant worked 204 assigned hours, for which he was paid overtime, it is plausible that during that same time period he worked hours for which he was not paid overtime.  Plaintiffs may thus have plead specified work periods during which they

3

worked uncompensated time in excess of 171 hours.  *See Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 115 (2d Cir. 2023).

Defendant argues that Plaintiffs should not be granted leave to replead because they are represented and have already been granted an opportunity to amend but nonetheless failed to properly address identified deficiencies in the TAC.  Dkt. No. 99 at 6.  Motions to amend are governed by Fed. R. Civ. P. 15, which provides that "leave to amend a pleading should be freely granted 'when justice so requires.'"  *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016).  "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."  *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *Soward v. Deutsche Bank AG*, 814 F. Supp. 2d 272, 285 (S.D.N.Y. 2011).  Under this standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile.  *Agerbrink,* 155 F. Supp. 3d at 452; *see also Oliver v. Rio Acquisition Partners, LLC*, 2019 WL 801952, at *4 (S.D.N.Y. Feb. 21, 2019).

Although it is true that "*repeated* failures to cure deficiencies" is a proper basis for the denial of a leave to amend, *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Court also has power to grant leave to amend multiple times, "when justice so requires," *id*. at 182 (quoting Fed. R. Civ. P. 15(a)).  The number of Plaintiffs' amended complaints here is misleading.  Most of the complaints were simply adding plaintiffs.  The complaint has been tested through only one prior motion and Plaintiffs made good faith efforts to address the deficiencies in response to that opinion.  Plaintiffs have provided a copy of their proposed amendment with their opposition to Defendant's motion here, and that amendment may meet Defendant's objections to the FAC.

Further, Defendant does not allege that granting leave to Plaintiffs to amend their complaint will result in undue delay, will leave Defendant "unfairly prejudiced," or that the "proposed amendment is futile." *Hayden*, 180 F.3d 42 at 53.

Accordingly, the Court will permit Plaintiffs to file the Fifth Amended Complaint.[2]

## CONCLUSION

For the foregoing reasons, the motion to dismiss the FAC for failure to state a claim is GRANTED without prejudice to Plaintiffs filing their Fifth Amended Complaint within ten days of the date of this Memorandum and Order.

The Clerk of Court is respectfully directed to close Dkt. No. 84.

SO ORDERED.

Dated: January 30, 2025
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[2] However, Plaintiffs are not granted leave to file the transcripts of prior testimony with the Fifth Amended Complaint. *See* Fed. R. Civ. P. 10(c) (stating only that written instruments may be an exhibit to a complaint); *see also in re Turquoise Hill Res. Ltd.*, 2024 WL 4711185 (S.D.N.Y. Nov. 7, 2024).