UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                 :

JOHN PAPPAS, et al.,                  :

                                 :

             Plaintiffs,       :

                                 :              23-cv-6010 (LJL)

      -v-                     :

                                 :          MEMORANDUM AND

CITY OF NEW YORK,          :              ORDER

                                 :

             Defendant.      :

                                 :

------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiffs John Pappas, Randy Brenner, Christopher Tabing, Marc Richardson, Kristopher Jezsek, Carmen Mateo, Brenda Graham, Edwin Rodriguez, Michael Goggins, Jaime Sitko, and Karolina Ostrowska-Tuznik ("Plaintiffs") move, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment. Dkt. No. 149. The motion is denied as premature.

The Second Circuit has repeatedly "held that summary judgment should only be granted if '*after discovery,* the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003) (quoting *Hellstrom v. United States Dep't of Veterans Affs.,* 201 F.3d 94, 97 (2d Cir.2000). "Indeed, 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). The court has stated: "When a party has not had <u>any</u> opportunity for discovery, summary judgment is generally premature." *Id.* "[A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/29/2026

are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Miller*, 321 F.3d at 303 (quoting *Gurary v. Winehouse,* 190 F.3d 37, 43 (2d Cir.1999)).

Plaintiffs seek summary judgment on the issue of liability under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.  Dkt. No. 149.  The motion was filed on April 24, 2026, a mere five weeks after the Court adopted a Case Management Plan and Scheduling Order.  *Id.*  Under that plan, initial requests for production of documents were not to be served until April 1, 2026 and fact discovery is not to be completed until July 9, 2026.  Dkt. No. 148.  Defendant has filed a Rule 56(d) declaration.  Dkt. No. 172.  It demonstrates: (1) Defendants timely served a request for production of documents on April 1, 2026, but Plaintiffs have yet to respond to the demands or produce any discovery to Defendant, *id.* ¶ 11; (2) Plaintiffs have objected to each and every one of the Defendant's interrogatories, *id.* ¶ 16; (3) depositions were not scheduled to start until May 27, 2026 (a week after Defendant's opposition to the motion was due and filed) and no depositions have yet been taken, *id.* ¶ 30; and (4) Defendants have not yet had the opportunity to serve supplemental discovery demands, *id.* ¶ 35.  Defendants are entitled to discovery on Plaintiffs' allegations before they have to answer Plaintiffs' summary judgment motion, including on the number of hours worked by Plaintiffs, whether they performed off-duty canine work and for how long and whether that work was mandatory, and on Plaintiffs' entitlement to overtime compensation under the FLSA.  Plaintiffs cannot forestall that discovery by filing a premature motion for summary judgment.

The motion for partial summary judgment is denied.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 149.

SO ORDERED.

Dated: May 29, 2026
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3