UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                                  :
JOHN PAPPAS, et al.,                                              :
                                                                  :
                                        Plaintiffs,              :
                                                                  :          23-cv-6010 (LJL)
                     -v-                                          :
                                                                  :          MEMORANDUM AND
CITY OF NEW YORK,                                                :               ORDER
                                                                  :
                                        Defendant.              :
                                                                  :
--------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiffs move, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(ii), for an order requiring Defendant to designate a Rule 30(b)(6) witness to "testify concerning K-9 Handler Pay and related canine-handler compensation practices throughout City agencies that employ canine handlers during the relevant period." Dkt. No. 175; *see* Fed. R. Civ. P. 30(b)(6). The City objects that the testimony Plaintiffs seek is irrelevant and disproportionate to the needs of the case. Dkt. No. 176. For the reasons that follow, the motion is denied.

Plaintiffs are sergeants and lieutenants with the New York Police Department ("NYPD"), who are assigned police dogs owned by Defendant and are considered dog handlers. Dkt. No. 130 ¶¶ 2–3. They allege that as a result of time spent in the care of the canines, they worked in excess of 171 hours for a twenty-eight-day period but were not paid overtime wages in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq. *Id*. ¶ 197. Defendant, the City of New York (the "City"), does not dispute that it provided no additional compensation to Plaintiffs for time spent off-the-clock tending to the NYPD canines, but asserts that Plaintiffs fall within the FLSA exemption for persons employed in a bona fide administrative capacity by virtue of their supervisory and managerial responsibilities and thus are

not entitled to overtime pay.  Dkt. No. 176 at 2 (citing *Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 160 (2d Cir. 2008)).  Plaintiffs seek to challenge that defense by exploring whether other agencies of the City pay sergeants and lieutenants in their employ "care pay" for time spent handling canines.  Dkt. No. 175.  In particular, Plaintiffs seek an order requiring the City to designate a representative competent to testify on the following three topics:

- The decision by the NYC Department of Corrections to provide Care Pay regardless of the Dog Handler's title.

- The decision of the NYC Environmental Protection Police to provide Care Pay regardless of the Dog Handler's title.

- Any City Agency that provides Care Pay to Sergeants or Lieutenants assigned a canine.

Dkt. No. 175-2 ¶¶ 24–26.  "Care Pay" is defined to mean "pay for bathing, brushing, exercising, feeding, grooming, related cleaning of the dog's kennel or transport vehicle, and similar activities performed by the Handlers at home on workdays as well as on days off or during vacation periods."  *Id*. at 4.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  *Id*.  "[T]he determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."  *Murudumbay v. 29 St. Stone Inc.*, 2025 WL 2609981, at *1 (S.D.N.Y. Sept. 9, 2025) (quoting Fed. R. Civ. P. 26 advisory committee notes to 2000 amendment).  "The Court has the authority to limit the frequency and extent of discovery otherwise allowed by the Federal Rules if, among other reasons, the

2

discovery sought is not proportional to the needs of the case, the burden or expense of the proposed discovery outweighs its likely benefit, or it is unreasonably cumulative or duplicative." *Id*. (citing *Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022)). "The party seeking discovery bears the initial burden of proving the discovery is relevant." *Id*. (quoting *In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019)). Once Plaintiffs have shown relevance, Defendant must show undue burden or that the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The overtime compensation requirements of FLSA do not apply to those persons "employed in a bona fide executive, administrative, or professional capacity." 19 U.S.C. § 213(a)(1); *see Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 160 (2d Cir. 2008). Whether a FLSA exemption applies to a particular employee "'is a mixed question of law and fact' that depends upon 'the [employee's] actual job characteristics and duties' and requires consideration of 'all the facts in a particular case.'" *Ozawa v. Orsini Design Assocs., Inc.*, 2015 WL 1055902, at *3 (S.D.N.Y. Mar. 11, 2015) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir. 2010), *cert. denied*, 565 U.S. 930 (2011)). Under Department of Labor regulations, an employee is employed in a "bona fide executive capacity" if the employee is: (1) compensated on a salary basis at a rate of not less than $684 per week; (2) whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) who customarily and regularly directs the work of two or more other employees; and (4) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100; *see also Mullins v.*

3

*City of New York*, 653 F.3d 104, 107 (2d Cir. 2011), *cert. denied*, 565 U.S. 1275 (2012).  The availability of the defense turns on both the employee's pay structure and the "actual job characteristics and duties."  *Myers*, 624 F.3d at 548.  Moreover, pursuant to 29 C.F.R. § 541.2, "[a] job title is not determinative of whether an employee is exempt under the FLSA."  *Pappas v. City of New* York, 2024 WL 2093472, at *11 (S.D.N.Y. May 9, 2024) (quoting *Pippins v. KPMG LLP*, 921 F. Supp. 2d 26, 42 (S.D.N.Y. 2012); *Kadden v. VisuaLex, LLC*, 910 F. Supp. 2d 523, 533 (S.D.N.Y. 2012); *Ozawa*, 2015 WL 1055902, at *3).

Plaintiffs have not established the relevance of the testimony they seek and, even if it were relevant, it is disproportionate to the needs of the case.  Plaintiffs argue that they should receive information about the pay offered by other agencies of the City because "[i]f Sergeants or Lieutenants assigned canines in other City agencies receive Handler Pay or other compensation for off-duty canine-care responsibilities," such evidence would tend to undermine Defendant's asserted rationale for not paying Plaintiffs' care pay.  Dkt. No. 175 at 2.  But whether or not the New York City Department of Corrections or the New York City Environmental Protection Police pay persons categorized as sergeants or lieutenants overtime pay for the time those employees spend handling the dogs in their care bears little if any relevance to the question whether the relevent NYPD lieutenants and sergeants who are Plaintiffs here received compensation and performed duties such as to make them exempt from FLSA's overtime requirements.  It may be that other agencies do not pay their sergeants and lieutenants overtime pay (whether lawfully or not).  Such decision would not deprive Plaintiffs here of the right to overtime pay should it be determined based on the pay they receive and the responsibilities they hold that they are not exempt.  It also may be that other agencies of the City do pay their sergeants and lieutenants overtime pay.  FLSA does not deprive an employer of the

right to pay time and a half even if the law does not require it.  Whether or not those employees are entitled to overtime pay will depend on the pay and responsibilities sergeants and lieutenants hold within those agencies.  Plaintiffs have offered no evidence that sergeants and lieutenants have the same responsibilities across City agencies and no authority for the proposition that a decision by one City agency with respect to what it should pay persons under its direction should bind another City agency with respect to what it must pay those whom it directs.  *See Osen LLC v. U.S. Cent. Command*, 969 F.3d 102, 119 n.11 (2d Cir. 2020) (Menashi, J., concurring) (a decision by one of two coequal agencies does not bind the other); *see also Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 454 (S.D.N.Y. 2022) (noting that the executive exemption determination is "a highly fact-intensive inquiry" that is "made on a case-by-case basis" (internal quotation marks and citation omitted)).

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 175.


SO ORDERED.

Dated: June 17, 2026
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

5