USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__6/26/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                      :
JOHN PAPPAS, et al.,                                                  :
                                                                      :
                                    Plaintiffs,                       :
                                                                      :            23-cv-6010 (LJL)
                    -v-                                               :
                                                                      :         MEMORANDUM AND
CITY OF NEW YORK,                                                     :             ORDER
                                                                      :
                                    Defendant.                        :
                                                                      :
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiffs move, pursuant to Federal Rule of Civil Procedure 37(a)(1), for an order compelling Defendant the City of New York (the "City") to perform a search for electronically stored information ("ESI") responsive to Plaintiffs' first request for production of documents (the "Document Demands"). Dkt. No. 177. In particular, Plaintiffs seek an order requiring the City to promptly search for ESI, to provide an affidavit detailing their search for ESI and their overall efforts to respond to Plaintiffs' document demands, and to provide a privilege log. *Id.* at 3. The motion is granted in part and denied in part.

The City argues that the document demands do not include any request for ESI, Dkt. No. 180 at 1, but that argument is plainly wrong. A number of the Document Demands call for "documents," Dkt. No. 177-1 Requests 1, 4, 8, 9, 11, and 12, and the Document Demands define "document" as that term is defined in Local Civil Rule 26.3(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Dkt. No. 177-1 at 1. Local Civil Rule 26.3(c) defines document to be "synonymous in meaning and equal in scope to the usage of the term 'documents or electronically stored information' in Fed. R. Civ. P. 34(a)(1)(A)." L. Civ. R. 26.3(c). In turn, Federal Rule of Civil Procedure 34(a)(1)(A) requires a

party responding to a document request to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained either directly or [after translation.]" Fed. R. Civ. P. 34(a)(1)(A). The City also argues that the requests are vague, ambiguous, overbroad, and unduly burdensome. Dkt. No. 180 at 2. That argument is without merit as to Requests 1, 4, 8, 9, and 12. The City shall conduct a reasonable search for ESI responsive to those requests and produce any responsive documents by July 13, 2026. *See* Fed. R. Civ. P. 26(g)(1)(A). The Court will entertain letter briefs with respect to Request 11. The parties shall first attempt to meet and confer with respect to that request. If no resolution is reached, Plaintiffs shall file a letter (no longer than 3 single-spaced pages) explaining the relevance of the requested documents in response to Request 11 no later than July 2, 2026. The City shall respond by letter no longer than 3 single spaced pages by July 7, 2026.

The request for an affidavit is denied. There is no secret about the City's search for ESI. It represents that it "searched for and produced electronically stored information" in response to certain of Plaintiff's Document Demands but it did not "search for emails, letters or memorandum." Dkt. No. 180 at 1. Plaintiffs have not established a sufficient basis for "discovery on discovery." *See Haroun v. ThoughtWorks, Inc.*, 2020 WL 6828490, at *2 (S.D.N.Y. Oct. 7, 2020). As to Plaintiff's request for a privilege log, the parties shall follow the procedures established in Local Civil Rule 26.2 and Federal Rule of Civil Procedure 26(b)(5) for any claims of privilege. L. Civ. R. 26.2; Fed. R. Civ. P. 26(b)(5).

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 177.

SO ORDERED.

Dated: June 26, 2026
      New York, New York
      
                                    LEWIS J. LIMAN
                                    United States District Judge

2