USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN PAPPAS, et al.,

Plaintiffs,

-v-

THE CITY OF NEW YORK,

Defendant.

23-cv-6010 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

The bench trial on this action is scheduled for December 1, 2026. This memorandum and order primarily resolves the parties' respective motions *in limine* made in advance of trial. *See* Dkt. Nos. 220, 227.[1] It also resolves various other pretrial motions filed by the parties. *See* Dkt. Nos. 226, 234, 244.

"The purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *United States v. Ulbricht*, 79 F. Supp. 3d 466, 478 (S.D.N.Y. 2015) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "The trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164–65 (S.D.N.Y. 2006)); *see also 689 Eatery Corp. v. City of New York*, 2023 WL 6977060, at *1 (S.D.N.Y. Oct. 23, 2023); *King v. Wang*, 2021 WL

[1] On November 18, 2026, Plaintiffs filed an additional motion *in limine*. *See* Dkt. No. 246. On November 22, 2026, Plaintiffs filed a letter motion seeking to amend that motion *in limine*. *See* Dkt. No. 249. Because Defendant has not yet filed responses to either, the Court defers ruling on the motions.

5232454, at *1 (S.D.N.Y. Nov. 9, 2021). The function of an *in limine* motion, however, is different in a bench trial than in a jury trial. For one, "[t]he standards for relevance and prejudice operate differently in bench trials than in jury trials." *Rekor Sys., Inc. v. Loughlin*, 2023 WL 1777248, at *4 (S.D.N.Y. Feb. 6, 2023). "The risk of the admission of irrelevant evidence in a bench trial is that it will prolong the proceedings; the risk of its exclusion is that the Court will court error and make a decision on an incomplete record." *Howard Univ. v. Borders*, 2022 WL 3568477, at *7 (S.D.N.Y. Aug. 17, 2022); *see also Com. Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004) ("While standards for admissible evidence are not out the window entirely in a bench trial, all doubts at a bench trial should be resolved in favor of admissibility." (internal quotation marks omitted)); 11C Wright & Miller's Federal Practice and Procedure § 2885 (3d ed. 2026) ("In nonjury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence.").

## I. Defendant's Motions *in Limine*

The City of New York ("Defendant" or "the City") moves for an order granting it the following relief: (1) precluding Plaintiffs from introducing argument or evidence regarding the existence of other litigation and/or settlement agreements involving the City or any of its agencies; (2) precluding Plaintiffs from introducing a chart Defendant claims contains Plaintiffs' damages calculations; (3) precluding Plaintiffs from calling a witness to introduce that chart; and (4) precluding Plaintiffs from introducing exhibits containing hearsay and exhibits that were not turned over during discovery. Dkt. No. 220.

### A. Evidence of Prior Litigation and Settlements

Defendant first moves to preclude Plaintiffs from offering evidence or argument

regarding the existence of other litigation and/or settlement agreements involving the City or its agencies. *See* Dkt. No. 220 at 4–7. It argues that the existence of prior settlement agreements or settlement offers is inadmissible under Federal Rule of Evidence 408 and that evidence of prior litigation against the City on behalf of sergeants and/or canine handlers should be excluded under Rules 402 and 403. *Id.* Plaintiffs represent that they "do not seek to introduce prior settlement agreements to establish liability," but that they do intend to offer the fact of such disputes and the City's subsequent responses to establish willfulness and a lack of good faith. Dkt. No. 237 at 2–5.

The joint pretrial order ("JPTO") does not identify any documents from prior litigation or settlement agreements. *See* Dkt. No. 219. Accordingly, Plaintiffs will not be able to offer such documentary evidence in its case-in-chief. Plaintiffs will also not be able to inquire into the existence or terms of any settlement agreements or offers in their examination of witnesses. The Court finds persuasive the extensive analysis of Judge Engelmayer in *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 283–87 (S.D.N.Y. 2015). The settlement evidence is inadmissible under Federal Rule of Evidence 408, and, to the extent that Rule 408 would not apply, any probative value that such settlements would have would be far outweighed by the unfair prejudicial impact of such evidence and the risk of undue delay and confusing the issues. *See* Fed. R. Evid. 403. The City's decision to settle or offer to settle any prior litigation necessarily was based on its assessment of the risks presented by that litigation and thus would require an exploration of those risks, creating a "trial within a trial." *Hart*, 90 F. Supp. 3d at 287 (internal quotation marks omitted). Further, a decision or offer to settle does not constitute an admission that the underlying claims were meritorious.

Plaintiffs will be able to inquire into the allegations made against the City in prior

lawsuits regarding canine care and the coverage of sergeants and lieutenants pursuant to the Fair Labor Standards Act ("FLSA"). The existence of similar lawsuits is relevant to whether the City was on notice that its challenged conduct here violated the FLSA and therefore may go to the willfulness of and lack of good faith regarding any FLSA violations. Courts frequently consider evidence of prior litigation for this very purpose. *See, e.g.*, *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 919 (9th Cir. 2003) ("find[ing]" defendant's former FLSA violations "probative . . . of willfulness"); *Drayton v. City of New York,* 2023 WL 3479619, at *4 (S.D.N.Y. May 16, 2023) (denying summary judgment for defendants on liquidated damages where defendants "ha[d] been repeatedly sued for identical FLSA allegations"); *Lynch v. City of New York,* 291 F. Supp. 3d 537, 553–54 (S.D.N.Y. 2018) (concluding that willfulness was a triable issue where plaintiff argued that "the City was on notice of its violations given several other lawsuits under the FLSA" since the implementation of the challenged conduct); *Lawtone-Bowles v. City of New York*, 2020 WL 2833366, at *5 (S.D.N.Y. June 1, 2020) (similar); *Snead v. EOG Res., Inc.,* 2018 WL 1151137, at *3 (W.D. Tex. Feb. 16, 2018) (explaining that "prior litigation is relevant to . . . issues in this case, such as whether [d]efendant may avail itself of the good faith defense and whether any FLSA violation that may be found . . . was willful").

### B. Plaintiff's Hours Spreadsheet (PX-13)

Defendant next moves to preclude Plaintiffs from offering PX-13 into evidence. Dkt. No. 220 at 8–10. PX-13 is labelled "Plaintiffs' spreadsheet setting forth the regular and overtime hourly rates and hours worked by Plaintiffs through October 4, 2025." Dkt. No. 219 at 13; *see also* Dkt. No. 220 at 8. Defendant argues that the spreadsheet is inadmissible under Rule 403 because its "content is misleading and the assumptions made in [it] are in dispute." Dkt. No. 220 at 8. Defendant also argues that the "table constitutes expert-style statistical evidence [which]

may not be introduced without satisfying the expert disclosure requirements of Rule 26(a)(2)" and that it contains hearsay. *Id.* at 9–10. Plaintiffs respond that the exhibit is an admissible summary exhibit under Federal Rule of Evidence 1006. Dkt. No. 237 at 1–2, 5–6. They state that it constitutes a summary of "approximately 10,000 pages of payroll and timekeeping records" produced by Defendant. *Id.* at 6.

As a preliminary matter, it appears that the parties dispute the contents of PX-13. Defendant refers to this spreadsheet as a "damages calculation." Dkt. No. 220 at 8, 11; *see also* Dkt. No. 243 at 3–5. That is incorrect. Rather, PX-13 provides a table for each Plaintiff and illustrates for each 28-day work cycle (i) the "city punch hours"; (ii) the Plaintiff's "regular" hourly wage; and (iii) the Plaintiff's "overtime" rate. As Plaintiffs explain, the chart "organizes the historical payroll information from Defendant's own records and presents regular and overtime hourly rates calculated from those records." Dkt. No. 236 at 10. It "contains no estimate of uncompensated canine-care hours, no calculation of unpaid overtime wages or liquidated damages, and no independent determination concerning Plaintiffs' entitlement to compensation." *Id.* The exhibit may be relevant for determining the measure of Plaintiffs' damages, but it does not offer a calculation of those damages.

The motion to preclude the exhibit *in limine* is denied. While Defendant argues that the summary is "glaringly inaccurate," Dkt. No. 220 at 10, that is not the basis for its exclusion *in limine* in connection with this bench trial. To the extent that there are flaws in the preparation of PX-13, Defendant can inquire into them either through *voir dire* before the admission of the exhibit or through cross-examination after its introduction. Nor has Defendant established that the exhibit is irrelevant; the regular and overtime hours worked by Plaintiffs and the rates that they were paid are relevant to the issue of Plaintiffs' entitlement to and the amount of damages.

The Court, however, does not yet rule as to the admissibility of the spreadsheet. In order for the exhibit to be admitted, Plaintiffs will have to show that the spreadsheet is based on "voluminous admissible writings" that were available to Defendant. Fed. R. Evid. 1006.

**C. Testimony of Maria Rojas Regarding PX-13**

In the JPTO, Plaintiffs request that their paralegal Maria Rojas ("Rojas") testify as a witness if necessary regarding the creation of PX-13. Dkt. No. 219 at 21. Defendant moved to preclude Rojas from testifying on the grounds that she was not identified as a witness in Plaintiffs' initial disclosures and has not been qualified as an expert. Dkt. No. 220 at 11–12. Plaintiffs responded that they intended to call Rojas not as an expert witness but rather as a summary witness to explain how she created PX-13. Dkt. No. 237 at 6–7. Defendant subsequently argued in its opposition to Plaintiffs' motions in *limine* that the Court should deny Plaintiffs' request to amend the JPTO to add Rojas as a witness. Dkt. No. 243 at 7–9. There, Defendant offered the additional argument that Rojas should be disqualified from testifying under the "advocate witness" rule. Plaintiffs subsequently moved to expressly list Rojas as a witness on the JPTO. *See* Dkt. No. 244. Defendant's motion *in limine* is denied. Rojas will be permitted to testify regarding the construction of PX-13.

Federal Rules of Civil Procedure 26(a)(1)(A), 26(a)(2)(A), and 26(a)(3)(A)(i) require that a party disclose the identity of "any witness it may use at trial." Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that . . . witness . . . unless the failure was substantially justified or is harmless." These rules work together "to avoid 'surprise' or 'trial by ambush.'" *3DT Holdings LLC v. Bard Access Sys. Inc.*, 2022 WL 1569493, at *2 (S.D.N.Y. May 17, 2022) (quoting *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 92 (S.D.N.Y.

2002)). "Preclusion under Rule 37(c)(1) is not mandatory and district courts have 'wide discretion to impose sanctions' under the rule." *Martinez v. Future Motion Inc.*, 2021 WL 11709776, at *2 (S.D.N.Y. Oct. 26, 2021) (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006)). "In determining whether preclusion is appropriate, a court is directed to consider: (1) the party's explanation for the failure to disclose; (2) the importance of the evidence to be precluded; (3) the prejudice suffered by the opposing party if the evidence were not precluded; and (4) the possibility of a continuance." *Amtrust N. Am., Inc. v. KF&B, Inc.*, 2020 WL 5578817, at *1 (S.D.N.Y. Sept. 16, 2020) (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)). "Failure to comply with the mandate of the [Rule 26(a)] is harmless when there is no prejudice to the party entitled to the disclosure." *Mopex, Inc.*, 215 F.R.D. at 93 (internal quotation marks omitted).

Plaintiffs intend to call Rojas for the limited purpose of authenticating the preparation of PX-13 and explaining how it was prepared. Dkt. No. 237 at 6–7. They disclaim any intention of having Rojas offer expert testimony. *Id.* at 6. The introduction of PX-13 does not constitute expert opinion. *See Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 31 (1st Cir. 2011) (explaining that testimony regarding the "method of preparing and summarizing the [underlying] exhibits does not" constitute expert testimony); *SEC v. Franklin*, 265 F. App'x 644, 646 (9th Cir. 2008) (holding that there "was no error in allowing the preparer of [summary] exhibits to testify because no expert opinions or conclusions were offered"). Rather, as explained above, PX-13 is merely a synthesis of the "City's payroll and timekeeping records." Dkt. No. 237 at 7. Such work may require "patience *but not expertise*." *Colon-Fontanez*, 660 F.3d at 31 (quoting *United States v. Milkiewicz*, 470 F.3d 390, 401 (1st Cir. 2006)).

Moreover, the failure to introduce Rojas sooner is harmless. Defendant contends that it

suffers prejudice because Plaintiffs did not disclose Rojas in their initial disclosures under Rule 26(a)(1)(A) and it "was [therefore] deprived of the opportunity to depose [Rojas] concerning the methodology, assumptions, and underlying data used to prepare PX-13." Dkt. No. 243 at 8. That argument lacks credibility given the straightforward nature of PX-13 and its derivation from Defendant's payroll information. As already explained, Defendant can inquire into any flaws in PX-13 either through *voir dire* before the admission of the exhibit or through cross-examination after its introduction.

Finally, Defendant's invocation of the "advocate witness" rule is unavailing. Testimony by the person who prepared or supervised the preparation of the Rule 1006 summary is typically required to lay a proper foundation. *See, e.g.*, *Montana Land & Min. Owners Ass'n, Inc. v. Devon Energy Corp*., 2006 WL 1876859, at *3 (D. Mont. June 2, 2006) ("Testimony from the preparer of the summary usually is required to establish the foundational facts necessary to establish relevance and authentication."); *Interstate Restoration, LLC v. Marriott Int'l, Inc*., 2023 WL 7162917, at *7 (D. Colo. Oct. 31, 2023) (explaining that "the individual who created the exhibit" or another individual who "has personal knowledge" can lay the foundation for a summary exhibit"); *cf. Schaffer v. Litton Loan Servicing, LP*, 2007 WL 10095033, at *10 n.71 (C.D. Cal. Aug. 9, 2007) (holding that witness could not "lay a proper foundation [for summary exhibit], as there is no indication that she participated in the preparation of the spreadsheet"). And paralegals routinely testify as summary witnesses. *See, e.g.*, *Colon-Fontanez*, 660 F.3d at 31 (affirming trial court's admittance of paralegal as summary witness); *Coates v. Johnson & Johnson*, 756 F.2d 524, 550 (7th Cir. 1985); *United States v. Harris*, 2023 WL 5425395, at *2 n.3 (D.N.J. Aug. 23, 2023); *Montana Land*, 2006 WL 1876859, at *2–3. Defendant's reliance on *Grizzle v. Travelers Health Network Inc.*, 14 F.3d 261 (5th Cir. 1994), is misplaced. *See* Dkt.

No. 243 at 8. There, the Fifth Circuit affirmed exclusion of a paralegal introduced "to testify as to plaintiff's lost wages as derived from the EEOC's 'pay calc' computer program." 14 F.3d at 270. In that role, the paralegal was offered as a fact witness and, perhaps, depending on the underlying assumptions of the computer program, an expert witness. Here, Rojas is permitted to testify solely as a summary witness and to describe how she created an exhibit based on Defendant's own records.

### D. Exhibits Containing Hearsay and That Were Not Produced in Discovery

Defendant moves for the exclusion of several exhibits (PX-9, PX-10, PX-11, PX-12, PX-21, PX-23, and PX-27) on the ground that they contain hearsay. Dkt. No. 220 at 13–14. Because hearsay may be admissible in certain situations, the Court defers a ruling on this issue until trial when it can assess the particular purpose for which Plaintiff seeks to introduce each exhibit.

Defendant also moves to exclude PX-15 and PX-27 because the documents were never produced in discovery. *Id.* at 14–15. PX-15 is titled "SeeThrough NY Payroll Search John Pappas_000454-000455," Dkt. No. 219 at 13, and Plaintiffs intended to introduce it for the purpose of showing that "Pappas received a special-assignment promotion or designation," Dkt. No. 237 at 9. Plaintiffs recognize the untimeliness of this document and now plan to introduce the fact of Pappas's promotion or designation through stipulation or "competent documentary evidence or testimony independent of PX-15." *Id.* Because this motion may become moot, the Court denies the motion *in limine*. The Court will rule upon the admissibility of PX-15 when and if it is offered.

PX-27 is a Department of Labor guidance entitled "Fact Sheet #17: First Responders and the Part 541 Exemptions Under the FLSA." Dkt. No. 219 at 14. Plaintiffs concede that it was not timely produced during document production. Dkt. No. 237 at 7–9. They note, however,

that Defendant "had actual notice of [PX-27] during discovery" because they presented the document to Lieutenant Dion Gaspard during his July 30, 2026 deposition. *Id.* at 7. Because Defendant had notice of this document and the document is otherwise publicly available, Plaintiffs may use it on cross-examination. The Court will also receive the document as a legal authority and assign it the appropriate weight.[2]

## II. Plaintiffs' Motions *in Limine*

Plaintiffs seek an order granting them the following relief: (1) precluding Defendant from offering collective bargaining agreements applicable to different employee classifications in order to establish or limit Plaintiffs' compensable canine-care hours; (2) precluding Defendant from introducing a damages expert at trial; and (3) precluding Defendant from offering documents produced at the close of discovery. Dkt. No. 227.

### A. Collective Bargaining Agreements

Plaintiffs ask that Defendant be precluded from introducing collective bargaining agreements "applicable to employees in different job classifications containing provisions for compensation associated with off-duty canine care" as "evidence of the time Plaintiffs themselves spent caring for their assigned canines." Dkt. No. 227 at 4. They contend that such evidence is irrelevant under Federal Rules of Evidence 401 and 402. *Id.* Defendant responds that it does not intend to use the collective bargaining agreements for that purpose and indicates that "the agreements may be relevant for other permissible purposes, including impeachment." Dkt. No. 243 at 2. Defendant further states that "[t]o the extent [it] seeks to introduce any such agreement for a purpose other than impeachment, [it] will first seek leave of the Court." *Id.* As

---

[2] Defendant's discussion of PX-27 ends with the statement that "PX-28[] should be excluded pursuant to Rule 37(c)(1)." Dkt. No. 220 at 15. The Court presumes that this was erroneous and that Defendant intended to refer to PX-27.

noted, motions *in limine* based upon relevance are disfavored in bench trials except when they would prolong the trial. Therefore, the Court denies Plaintiffs' motion.

### B. Damages Expert

Plaintiffs contend that Defendant should be precluded from introducing any expert testimony regarding damages. Dkt. No. 227 at 5–7. In the JPTO, Defendant indicated that "should the Court allow Plaintiffs to call Maria Rojas to explain Plaintiffs' damages calculation, Defendant seeks to call Dr. [Chris] Erath to provide rebuttal testimony." Dkt. No. 243 at 3.

The City failed to comply with Federal Rule of Civil Procedure 26(a)(2) which governs disclosure of expert testimony. At the post-discovery conference on August 26, 2026, the Court gave Defendant an opportunity to "file a motion to serve an expert report out of time" by October 7, 2026. Dkt. No. 207 at 9:7–8; *see also* Dkt. No. 204. Defendant never filed such a motion. The City seems to suggest that Rule 26(a)(2) was satisfied because it provided notice of the expert it intended to call within 30 days of the service of Plaintiffs' finalized summary report. Dkt. No. 243 at 3. It notes that the same order that required Defendant to serve their expert report by October 7, 2026, also required Plaintiffs to serve an updated version of their "damages chart" by September 9, 2026, *see* Dkt. No. 204, and that Plaintiffs failed to do so. Defendant thus seems to assume that its obligation was contingent upon Plaintiffs' satisfying their obligation to produce the summary chart. There are two problems with that argument. First, even assuming that the summary chart qualified as an expert report, Rule 26(a)(2)(D)(ii) requires the disclosure of an expert "intended solely to contradict or rebut" another expert's opinion "within 30 days after the other party's disclosure" *unless* a different deadline is set pursuant to "a court order." Here there was an explicit court order. Plaintiff could have filed a motion seeking an extension but did not. Second, any testimony from Rojas

regarding her preparation of the summary chart does not constitute expert opinion. Any opinion offered by Dr. Erath may go to rebut Plaintiffs' spreadsheet, but Dr. Erath is not a "rebuttal expert." Thus, the applicable deadline was that in Rule 26(a)(2)(D)(i), requiring disclosure of an expert at least "90 days before the date set for trial," absent a court order. Again, the Court ordered disclosure to be made by October 7, 2026.

Accordingly, Defendant's disclosure is untimely. The Court nevertheless will allow Dr. Erath to testify solely in response to PX-13 as it concludes that Defendant's delay in identifying Dr. Erath "was substantially justified." Fed. R. Civ. P. 37(c)(1). The final summary to which Dr. Erath would respond was not served until the filing of the JTPO on October 21, 2026. Dkt. No. 243 at 3. Therefore, Defendant had an arguable basis for not knowing whether expert testimony was necessary. Moreover, Defendant's erroneous interpretation of the Court's order—that its response date was keyed to Plaintiffs' production of the final summary—was not unreasonable. Accordingly, both Rojas and Dr. Erath will be able to offer limited testimony as to the creation and accuracy of PX-13.

### C. Documents Produced at the End of Discovery

Plaintiffs seek to exclude several exhibits that Defendant included in amended disclosures issued at 9:54 p.m. on the day fact discovery closed. Dkt. No. 227 at 7–9. In the alternative, they seek the opportunity to depose the City's Rule 30(b)(6) witness about the exhibits. *Id.* Plaintiffs acknowledge that Defendant's production was nominally timely but argue that they suffer prejudice because they did not have "a meaningful opportunity to depose the City's Rule 30(b)(6) fact witness about" the new exhibits. *Id.* at 8. The Court need not consider whether Defendant's disclosure was untimely under Rule 26, *cf. Goolden v. Wardak*, 2024 WL 2046025, at *4–7 (S.D.N.Y. May 8, 2024) (awarding limited sanctions where plaintiff

disclosed evidence the day discovery closed); Fed. R. Civ. P. 26(e)(1) (requiring supplementation of a disclosure "in a timely manner"), because Plaintiffs' own motion is untimely. "[D]iscovery—and therefore, the time to raise discovery-related disputes—is long over." *Taylor v. City of New York*, 2024 WL 1574924, at *2 (S.D.N.Y. Mar. 5, 2024). Plaintiffs' motion comes almost two months after the post-discovery conference in this case. At that conference, the Court asked Plaintiffs' counsel whether there were any "open matters with respect to discovery" outside of a few unrelated issues. Dkt. No. 207 at 2:21–22. Plaintiffs' counsel confirmed that there were no other outstanding issues. *See id.* at 2:24. A party cannot recharacterize "an untimely discovery dispute" as a motion *in limine*. *Takeda Chem. Indus., Ltd. v. Mylan Lab'ys, Inc.*, 2006 WL 83112, at *1 (S.D.N.Y. Jan. 12, 2006); *see also Seneca Ins. Co. v. Wilcock*, 2007 WL 415141, at *8 (S.D.N.Y. Feb. 5, 2007) ("A party may not sit on its discovery grievances until the post-discovery stage."). The motion is therefore denied. For this same reason, the Court denies Plaintiff's motion to amend the JPTO to include objections to these exhibits. *See* Dkt. No. 226.

## III. Other Pretrial Rulings

The Court grants Plaintiffs' motion to admit PX-14, PX-16, and PX-32. *See* Dkt. No. 234; *see also* Dkt. No. 236. Defendant affirmatively stipulates to the authenticity of PX-14 and PX-16 and acknowledges that it produced PX-32 during discovery without raising any question of authenticity. *See* Dkt. No. 243 at 9–10. The Court can assess during trial whether Plaintiffs have met their burden of establishing relevance and will disregard this evidence if they fail to do so. Defendant does not raise any hearsay objection to PX-14 or PX-16 in the JPTO and, as explained below, have raised no objection to adding PX-32 to the JPTO. The Court denies Plaintiffs' motion to admit PX-13. As already explained, Plaintiff will have to establish through

the testimony of a witness at trial that the document satisfies the requirements of Fed. R. Evid. 1006.

The Court grants Plaintiffs' motion to amend the JPTO to include PX-32 and PX-33, which Defendant has not opposed. *See* Dkt. No. 244. For the reasons explained above, it also grants Plaintiffs' request to add Rojas as a witness and denies as moot Plaintiffs' request to add a John Doe witness to authenticate the City's payroll and time records (*i.e.* PX-14 and PX-16). *Id.*; *see also* Dkt. No. 244-1 at 10–11.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 220, 226, 227, 234, 244.

SO ORDERED.

Dated: November 23, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge